Alfred Waber, t/a Winmont Associates et al. *v.* Zoning Board of Adjustment. Francis A. Norbeck, Appellant.

Alfred Waber, t/a Winmont Associates et al. *v.* Zoning Board of Adjustment. City of Philadelphia, Appellant.

City of Philadelphia and Alfred Waber, t/a Winmont Associates et al. *v.* Francis A. Norbeck and Lillian M. Norbeck, h/w, Appellants.

Argued September 28, 1978, before Judges Crumlish, Jr., DiSalle and MacPhail, sitting as a panel of three.

*Stanley A. Uhr,* with him *Lenard L. Wolffe,* and *Pechner, Dorfman, Wolffe, Rounick & Cabot,* for appellants.

*Stanton Dubin,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., April 9, 1979:

We are here considering two appeals from separate but related actions of two separate Courts of Common Pleas of Philadelphia County. Francis and Lillian Norbeck (Applicants) and the City of Philadelphia appeal a decision which reversed the action of the Zoning Board of Adjustment (Board) granting a permit for the erection of a non-commercial horse stable accessory to Applicants' family dwelling. The Norbecks also appeal a related equitable action dismissing their exceptions to a decree nisi.

We will dispose of the matters seriatim.

Applicants received permission from the Department of Licenses and Inspections (Department) to erect a stable in August, 1972. After a substantial expenditure of money and effort, the stable was completed in September. The owner of an adjacent complex and various tenants (Protestants) filed an appeal with the Board in December, 1972. The Board revoked Applicants' permit on February 15, 1973, concluding that the use was not permitted under the provisions of the Philadelphia Zoning Code (Code). The Common Pleas Court affirmed Board's decision. An appeal which was filed nunc pro tunc in this Court was denied, as was a petition for leave to appeal in the Supreme Court.

Applicants then petitioned Board for a new hearing on the stable permit alleging that a gross injustice had been committed in the initial proceeding. On November 17, 1976, Board granted the permit and a variance. Protestants appealed this action and, without taking additional evidence, the trial court reversed. This reversal is the primary matter before us on appeal.

Applicants steadfastly maintain that the original permit granted in 1972 giving them permission to build and use a stable in an R-12 residential district was correct in that the permit was a matter of right. This issue was fully explored and rejected by Board on February 15, 1973. The Court of Common Pleas affirmed Board's decision and, upon exhaustion of appellate remedies even though no decision was rendered on the merits by the appellate courts, the matter is clearly res judicata.[1]

Applicants next contend that the court below exceeded its scope of review. We disagree. When that court does not take additional evidence, it is limited to a determination of whether Board committed a manifest abuse of discretion or error of law. *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970). The court below did not address any abuse of discretion and merely applied the facts of record to the legal issues involved.

Applicants' major contention related that a vested right to the use of the stable had been acquired and that a variance was properly granted by the Board. We do not agree that the record supports this contention.

---

[1] A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties on the same cause of action. *Stevenson v. Silverman*, 417 Pa. 187, 208 A.2d 786 (1965).

The right to use the structure as a stable does not vest where, as here, Protestants have consistently and timely pursued their legal remedies. This fact alone distinguishes the case from the "doctrine of vested rights" enunciated in *Commonwealth v. Flynn*, 21 Pa. Commonwealth Ct. 264, 394 A.2d 720 (1975), and precludes its application. Nor, we might add, does a right vest because of an error of law by the Department in initially granting what is clearly a revocable permit.

There are no exceptional circumstances in the record to support the grant of a variance. *Fretz, Inc. v. Hilltown Township Zoning Hearing Board*, 22 Pa. Commonwealth Ct. 276, 348 A.2d 488 (1975). Nor does it establish a unique, substantial, serious and compelling hardship to the property. *Magrann v. Zoning Board of Adjustment*, 404 Pa. 198, 170 A.2d 553 (1961). Personal and economic hardship or, in this case, more clearly a recreational inconvenience, does not warrant the issuance of a variance. *Rees v. Zoning Hearing Board of Indiana Township*, 11 Pa. Commonwealth Ct. 461, 315 A.2d 317 (1974). Having disposed of these controlling issues, we need not address Applicants' remaining contentions.

Accordingly, we

### Order

And Now, this 9th day of April, 1979, the appeals of Francis A. Norbeck and his wife, Lillian M., are dismissed and the order of the Court of Common Pleas of Philadelphia County, November Term 1976, No. 3781, sustaining the appeal of Alfred Waber, t/a Winmont Associates; Albert Cohen and Celia Cohen, his wife; James Smith and Eleanor Smith, his wife; and Miriam Dubin, and reversing the decision of the Zoning Board of Adjustment granting a variance to Francis A. Norbeck to maintain a stable on his prem-

ises, and the final decree of the Court of Common Pleas of Philadelphia County dated May 17, 1977, are hereby affirmed.