Henry Berk et al. *v.* Wilkinsburg Zoning Hearing Board and the Wilkinsburg-Penn Joint Water Authority.

Henry Berk, Joseph P. Wallace, Sylvia Martin, George Hetzel, Wilma Piper, N.C. Davic, Jr., Paul T. Magan and Milton W. Lamproplos, Appellants.

Argued December 7, 1979, before Judges Wilkinson, Jr., Rogers and Craig, sitting as a panel of three.

*Milton W. Lamproplos,* for appellants.

*Charles I. Ziegler,* with him *James M. McElfish,* for appellee.

OPINION BY JUDGE ROGERS, January 16, 1980:

This is an appeal by eight landowners (Appellants) from an order of the Court of Common Pleas of Allegheny County affirming the decision of the Wilkinsburg Zoning Hearing Board (Board) granting permission to The Wilkinsburg-Penn Joint Water Authority (Authority) to construct an elevated water tank in the Borough of Wilkinsburg (Borough).

The Authority filed an application with the Board for a Special Permit Use, seeking allowance to replace an existing water tower on Authority property. The Authority's lot is on a street on which the appellants' homes abut. The area is zoned for low density residential development.

The Authority was required to proceed pursuant to Section 61.30 of the Borough Zoning Ordinance which provides that public utility substations or other facilities necessary to render adequate service are permitted Special Permit Uses in low density residential areas. The same Section provides that Special Permit Uses "shall be landscaped in keeping with the character of the neighborhood. . . ." Additionally, Section 70.33 of the Ordinance provides that

No special use shall be granted by the Board of Adjustment unless the Special Use:

A.1. is necessary for the public convenience,

2. is so designed, located and proposed to be operated that the public health, safety and welfare will be protected;

B. will not cause substantial injury to the value of other property in the neighborhood in which it is to be located. . . .

Public hearings on the Authority's application were held on three occasions. At these hearings, the appellant landowners sought to introduce the testimony of a real estate appraiser tending to show that the values of their properties would be diminished by the Authority's new tank and the testimony of a hydraulics engineer tending to demonstrate that the Authority's tank as designed could not be landscaped in keeping with the character of the neighborhood but that an underground closed pressure storage facility could provide adequate service and be acceptably landscaped as well. The Board refused to hear any of this testimony, holding, as a matter of-law, that the requirements of Sections 61.30 and 70.33 pertaining, respectively, to the landscaping of the lot and the substantial injury to property values were beyond Wilkinsburg's power to make. The Board granted the Authority's Special Permit Use application.

On appeal, a referee appointed by the court, without taking additional testimony, recommended that the matter be remanded to the Board for the taking of the testimony of appellants' real estate appraiser but agreed with the Board that appellants' hydraulic engineer's testimony had been properly excluded. The court below agreed with the referee's conclusions that the real estate appraiser's evidence should have been admitted and the engineer's excluded but concluded that the appellants might have offered their real estate appraiser's testimony before the referee and, having failed to do so, that they were not entitled to have the matter remanded to the Board for this purpose.

The lower court therefore affirmed the decision of the Board.

The appellants here contend that the Board erred in refusing to admit the evidence of their expert witnesses and that the lower court erred in finding that appellants were not entitled to a remand for the taking of the real estate appraiser's testimony. They argue that our recent cases hold that property values and aesthetics are proper matters for consideration in appropriate zoning matters and that Section 70.33 of the Ordinance validly regulates Special Permit Uses.

The court below not having taken evidence, our review is limited to a determination of whether or not the Board committed an abuse of discretion or an error of law. *Waber v. Zoning Board of Adjustment,* 41 Pa. Commonwealth Ct. 565, 400 A.2d 893 (1979). We agree with the appellants that the Board committed an error of law in excluding as without relevance in law the appellants' offer of the testimony of the real estate expert as to the effect of the tank on property values and of the engineer as to the feasibility of landscaping and certain other matters.

The decision as to the need for and the manner of providing water services is within the exclusive power of the Authority. Section 4B(h) of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306(B)(h). The Authority however, still remains bound by the lawful requirements of a municipality's zoning ordinance. *Wilkinsburg-Penn Joint Water Authority v. Churchill Borough,* 417 Pa. 93, 207 A.2d 905 (1965). The Authority relies, as the Board apparently did, on *Soble Construction Co. v. Zoning Board,* 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1975) for the proposition that the protection of aesthetic and property values does not promote the health, safety and welfare of communities or their inhabitants. In *Soble,* where language to that effect ap-

pears, the issue was not whether zoning regulations may include protections of aesthetic and property values but whether a developer who had complied with all specific regulations could be denied a permit where there was no proof of substantial injury to property values. In *Soble, Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A.2d 587 (1957), and *Medinger Appeal,* 377 Pa. 217, 104 A.2d 118 (1954), were cited. The Supreme Court in later cases has declared that "[N]ot only is the preservation of the attractive characteristics of a community a proper element of the general welfare, but also the preservation of property values is a legitimate consideration." *Best v. Zoning Board of Adjustment,* 393 Pa. 106, 117, 141 A.2d 606, 612 (1958). *See Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963). And this Court has held "that aesthetics and property values are legitimate considerations in a township's exercise of its zoning power to promote the general welfare." *Mont-Bux, Inc. v. Township of Cheltenham,* 36 Pa. Commonwealth Ct. 397, 401, 388 A.2d 1106, 1107 (1978).

It is evident, therefore, that Sections 61.30 and 70.33 of the Borough Zoning Ordinance, dealing as they do with aesthetics (landscaping) and property values, are facially valid and that the Board erred in excluding appellants' evidence, which might have demonstrated avoidable injuries to those values.

The court below, although agreeing that the Board may have erred in excluding the testimony of appellants' real estate appraiser, held that the appellants had waived their right to adduce this testimony by failing to present it to the referee. Apparently the parties were and still are in disagreement as to what the referee was commissioned to do—whether he was to hear evidence or merely to decide points of law. Since we are remanding for receipt of the engineer's competent evidence, the hearing thus afforded can be

the occasion for hearing the real estate expert's testimony as well.

The appellants' engineer seems prepared to testify not only concerning the feasibility of landscaping the proposed water tower and the possibility of soil subsidence at the site but also concerning other types of water storage systems available for the Authority's use. As to the last, we repeat that decisions concerning means of providing its services are committed exclusively to the Authority by Section 4B(h) of the Municipality Authorities Act.

ORDER

AND Now, this 16th day of January, 1980, the order of the Court of Common Pleas of Allegheny County, No. SA 580 of 1977, is reversed and the record is remanded to the Wilkinsburg Zoning Hearing Board for proceedings consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.