Visual-Education Devices, Inc., V.E.D., Inc.; Visual-Educational Devices, Inc., t/d/b/a V.E.D., Inc., Rebecca Bollerman, t/d/b/a V.E.D., Inc.; Bobby Howell, Appellants *v.* Springettsbury Township, Appellee.

Argued October 10, 1980, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*William G. Sherr*, with him *Howard N. Stark*, for appellants.

*Donald H. Yost, Wogan, Elsesser, Yost & Bupp*, for appellee.

OPINION BY JUDGE ROGERS, November 13, 1980:

Visual-Educational Devices, Inc. (V.E.D.), has appealed from a final decree of the Court of Common Pleas of York County enjoining V.E.D. from using a store property in Springettsbury Township as an adult book store. We modify the decree of the court below, and affirm it as modified.

V.E.D. is the lessee of, and holds an option to purchase, the store premises in question. On April 21, 1977, V.E.D. filed an application with the township for a use and occupancy permit, such permit being required by a zoning regulation before any building or land might be used or occupied. The form for application for a permit requires the applicant to describe the intended use of the property; and V.E.D. recorded its intention to use its property for the "Sale of C.B.; All types of Educational Devices, also Safety Equipment & Devices & Security Devices." A permit was issued to V.E.D. the same day. When, shortly thereafter, V.E.D. began business, most of its stock in trade was found to consist of so-called adult books, adult films and sexual devices. There were also booths on the premises where filmed peep shows were exhibited. The sale of C.B. radios was a very small part of the total activity at V.E.D.'s store. The township zoning officer revoked V.E.D.'s use and occupancy permit on the ground that false statements and misrepresentations were made in the application, a cause for revocation provided for in the zoning ordi-

nance. V.E.D. did not appeal the zoning officer's action. It continued, however, to use the property as an adult book and film and sexual devices emporium.

The township then instituted this litigation by complaint in equity in which it averred that the property was being used in violation of the zoning ordinance because V.E.D. had no use and occupancy license; it unnecessarily also averred that V.E.D.'s use of its property as an adult book store was violative of an amendment to the township zoning ordinance enacted some months after V.E.D.'s permit had been revoked and the time for appeal from that action had expired, regulating for the first time the location and other matters concerning adult book stores and adult theaters. After V.E.D. filed an answer and new matter contending that its permit had been improperly revoked and that the amendatory ordinance was unconstitutional, the court conducted extensive hearings, ruled in all matters in favor of the township and entered decrees nisi and final enjoining V.E.D. from using and occupying its premises as an " 'Adult Book Store' or 'Adult Theater' as defined" in the amendatory ordinance hereinabove referred to.

With the exception of only two of the eight questions submitted by V.E.D. on the occasion of this appeal, the case is disposed of by our holding in *Soltis v. Hanover Associates,* 22 Pa. Commonwealth Ct. 637, 350 A.2d 217 (1976). There the owners of properties near a proposed apartment project sought an injunction restraining its construction on the ground that the permit obtained by the developer from the zoning hearing board had been improvidently granted. The objectors knew or should have known of the contested permit and had failed to file an appeal. We wrote:

The following provisions of the Pennsylvania Municipalities Planning Code are perti-

nent: Section 1001, 53 P.S. §11001, providing that the proceedings set forth in Article X of the Code shall constitute the *exclusive* mode of securing review of any decision of zoning officers; Section 1006(c), 53 P.S. §11006(c), providing that to the extent that the Zoning Hearing Board has jurisdiction under Section 909 of the Code, appeals shall lie *exclusively* to the Zoning Hearing Board; Section 909 of Article IX, 53 P.S. §10909, providing that the Zoning Hearing Board shall hear and decide appeals where it is alleged that the zoning officer has failed to follow prescribed procedures; and Section 915, 53 P.S. §10915, providing that no person shall be allowed to file any proceeding with the Zoning Hearing Board later than 30 days after any application for development has been approved by an appropriate municipal officer 'unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.' Hence, the exclusive mode for securing review of the actions of the building inspector in issuing both the zoning permit and the building permit was by appeal to the Zoning Hearing Board. . . . Thus equity had no jurisdiction to adjudicate, preliminary or otherwise, the validity of either permit. This was so before the enactment of the Pennsylvania Municipalities Planning Code. Bliss Excavating Co. v. Luzerne County, 418 Pa. 446, 211 A.2d 532 (1965); Pittsburgh Outdoor Advertising Company v. Clairton, 390 Pa. 1, 133 A.2d 542 (1957); Jacobs v. Fetzer, 381 Pa. 262, 112 A.2d 356 (1955). If possible, the principle is now more firmly established by the Pennsylvania Municipalities Planning Code's description in Section

1006(c) of the Board's jurisdiction as exclusive. (Emphasis in original.)

22 Pa. Commonwealth Ct. at 639-640, 350 A.2d at 219.

So here V.E.D.'s exclusive mode for securing review of the action of the Springettsbury Township zoning officer's action revoking its permit was by appeal to the township hearing board. Its failure to appeal rendered the action of revocation uncontestable on the ground that it did not falsely misrepresent the intended use of its property, or that the township has not uniformly required descriptions of intended uses on permit applications, or nevertheless that V.E.D. had vested rights in the permit it obtained. We observe that we agree with the chancellor that the application for permit was false and misleading,[1] that it is no defense to an action enforcing a zoning requirement that the municipality has not enforced it in other instances[2] and that vested rights are not obtained in a permit obtained by deceit.[3]

With respect to the consideration given below to the matter of the constitutionality of the amendatory ordinance regulating adult book stores adopted long after the revocation of V.E.D.'s permit and also after the time for appeal therefrom had expired (although this subject also was not required to be explored in this case), we are again constrained to record our agreement with the chancellor that the amendatory ordinance is valid on authority of *Young v. American Mini Theaters*, 427 U.S. 50, *Reh. denied*, 429 U.S. 873 (1976).

As we have said, two issues raised below and still pressed by V.E.D. are viable: First, it is contended

---

[1] *City of Philadelphia v. Wyszynski*, 381 Pa. 153, 112 A.2d 327 (1955).

[2] *Braccia v. Upper Moreland Township Hearing Board*, 16 Pa. Commonwealth Ct. 214, 218, 327 A.2d 886, 888 (1974).

[3] *Appeal of Girolamo*, 49 Pa. Commonwealth Ct. 159, 410 A.2d 940, 944 (1980).

that the chancellor erred in failing to find that the township had unclean hands because it was trying to force V.E.D. to depart the township by unlawful means. There was no evidence that the township attempted to exclude V.E.D., much less that it employed unlawful means. Indeed, the notice revoking V.E.D.'s permit invited V.E.D. to reapply for a permit and it failed to do so. The township's later adoption of the non-pending amendatory ordinance could not have affected a properly obtained permit. *Lhormer v. Bowen*, 410 Pa. 508, 188 A.2d 747 (1963). Moreover, adult book stores remain permitted uses in Springettsbury Township under the amendatory ordinance, which is regulating, not prohibitive.

V.E.D. also complains that the lower court's decree enjoining it from using its premises as an "Adult Book Store" and an "Adult Theater" as defined by the amendatory ordinance is impermissibly vague and indefinite, because the definitions contained in the ordinance are vague and indefinite. We need not decide this question because under the zoning ordinance V.E.D. is not entitled to use or occupy the property for any purpose until it obtains a permit.

Accordingly, we modify the final decree to provide that the defendants are enjoined and prohibited from using and occupying the premises at 1715 Whiteford Road, Springettsbury Township, for any purpose whatsoever, unless and until a valid use and occupancy permit is obtained, and as so modified we affirm the final decree.

ORDER

AND Now, this 13th day of November, 1980, the final decree entered below is modified so as to provide that: the defendants are enjoined and prohibited from using and occupying the premises at 1715 Whiteford Road, Springettsbury Township, for any pur-

pose whatsoever, unless and until a valid use and occupancy permit is obtained, and as so modified it is affirmed.