## Robi Enterprises, Ltd. v. The Zoning Hearing Board of Muhlenberg Township

*Howard N. Stack*, for appellant.

*Scott L. Huyett*, for appellee.

*Eugene C. LaManna,* the intervenor, Township of Muhlenberg.

SAYLOR,*J.*, January 22, 1982—We now consider the appeal of ROBI Enterprises, Ltd., from an adverse decision by the Muhlenberg Township Zoning Hearing Board, upholding the revocation of appellant's occupancy permit by the township zoning officer. This appeal arises out of the following factual scheme:

On November 20, 1980, appellant entered into a lease arrangement with Harvey Bredbenner concerning property owned by Bredbenner and situated at 4500 Allentown Pike, Temple, Berks County, Pa. Appellant then filed an application with the township zoning officer for an occupancy permit. According to appellant's application the intended use of the premises was to be as a "[t]ravelers rest center to include sale of minor auto parts and accessories, hardware, maps, newspapers, magazines, soda, food, candy, cigarettes, etc." Based upon this application the zoning officer of Muhlenberg Township issued an occupancy permit on November 21, 1980.

Ten days later, December 1, 1980, upon visitation of the premises occupied and operated by appellant, the zoning officer observed that appellant's primary stock in trade was films, books, magazines and various other materials of an adult nature. Only magazines and one or two other individual items for sale on the premises corresponded with anything listed on the occupancy permit application.

Having made these observations the zoning officer issued a letter dated December 1, 1980, informing appellant that the occupancy permit was revoked and that occupancy was to terminate forthwith "under the applicable terms of the prevailing ordinances for occupancy in the Township of Muhlenberg." The letter further stated that in the zoning officer's opinion, information had been "purposely and willfully excluded" from appellant's application in order to procure the occupancy permit under "false pretenses."[1]

The revocation was appealed to the Zoning Hearing Board of Muhlenberg Township which ultimately upheld the action of the zoning officer and denied appellant's appeal.[2] Appellant now seeks review of the zoning board's decision. We have no additional testimony and so our review upon argument is limited to whether the Zoning Hearing

---

1. This action by the zoning officer was noted in the minutes of the meeting of December 1, 1980, of the Muhlenberg Township Board of Commissioners. The Commissioners authorized the imposition of fines of $300/day for continued operation of the business without an occupancy permit on display on the premises. (Exhibit 8).

2. This case has involved a number of proceedings. Initially, the appeal to the zoning hearing board was heard on January 28, 1981. On that date no testimony was taken. Instead, after arguments and discussion by the parties with the hearing board, the board concluded that appellant had not properly appealed the matter to the board. (Decision, 17 February 1981). Appellant, by writ of certiorari, sought review of this decision. After argument before the Court of Common Pleas of Berks County the case was remanded to the zoning hearing board "to hear and decide the appeal taken from the revocation of the occupancy permit." (Order, 6 May 1981). Upon remand on July 29, 1981, the board heard testimony by the zoning officer, Douglas F. Didyoung. The board affirmed the actions and authority of the zoning officer and denied the appeal. (Decision, 3 September 1981).

Board committed a manifest abuse of discretion or error of law. Waber v. Zoning Board of Adjustment, 41 Pa. Commw. 565, 400 A. 2d 893 (1979).[3] Appellant has raised the issues of whether the notice of revocation comported with due process of law. Additionally, several other constitutional questions pertaining to the First Amendment are raised. As later indicated we find it unnecessary to discuss in depth these First Amendment issues and so confine ourselves to appellant's due process argument.

Appellant contends that it was deprived of due process in that the zoning officer's letter of December 1, 1980, did not state specific sections of the zoning ordinance relied upon for the revocation of the occupancy permit nor did it give reasonable notice of the grounds for such revocation. Simply put, appellant claims that the zoning officer's letter was insufficient notice insofar as it could not be determined from the letter the nature of the alleged violation. The leading case in Pennsylvania on the issue of adequacy of notice in administration proceedings is Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations, 4 Pa. Commw. 448, 287 A. 2d 161 (1972).[4] There, the court out-

---

3. Errors of law include constitutional questions. Waynesborough Corp. v. Easttown Township Zoning Hearing Board, 23 Pa. Commw. 137, 350 A. 2d 895 (1976).

4. See, Bidwell v. Zoning Bd. of Adjustment of Pittsburgh, 4 Pa. Commw. 327 286 A. 2d 471, 474 (1971), indicating that zoning hearing boards are administrative bodies. According to the Municipal Planning Code, 53 P.S. §10614, zoning officers are appointed in municipalities to administer the zoning ordinance. It follows, we believe, that the notice of revocation constitutes an element of the administrative process.

See, also Benjamin v. Commonwealth, State Civil Service Commission, 17 Pa. Commw. 427, 332 A. 2d 585 (1975); Commonwealth of Pa., Dept. of Transportation v. Snyder, 37 Pa. Commw. 359, 391 A. 2d 3 (1978).

lined its understanding of the requirements of due process. The court said:

" . . . due process of law is afforded when (1) the 'accused' is informed with reasonable certainty of the nature of the accusation lodged against him, (2) he has timely notice and opportunity to answer these charges and to defend against attempted proof of such accusation, and (3) the proceedings are conducted in a fair and impartial manner." 287 A. 2d at 166. There is no question here of untimeliness or of an unfair hearing. At issue is the adequacy of the notice, regarding which the court in Pittsburgh Press, supra, adopted the following directive:

"The question of what is proper notice, or, as here of what constitutes a specific designation of the issue raised or changes made, depends necessarily upon the facts of each case, the type of investigation being conducted, the violations alleged and the penalty or order sought to be imposed." 287 A. 2d at 166; quoting Armour Transportation Co. v. Pennsylvania Public Utility Commission, 138 Pa. Super. 243, 10 A. 2d 86 (1939). The court also found guidance in the language of Commonwealth v. Acquaviva, et al., 187 Pa. Super. 550, 145 A. 2d 407, 410 (1958). There, the Superior Court had said:

"It is sufficient if the language used is capable of an interpretation which reveals such essentials. Lack of precision is not itself offensive to the requirements of due process. The Constitution does not require impossible standards; all that is required is that the language conveys sufficient definite warning as to the prescribed conduct when

measured by common understanding and practices." 287 A. 2d at 166, 167.[5]

With this authority in mind we must determine whether appellant had adequate notice of the violation upon which revocation of the occupancy permit was based so that it could properly respond. ROBI Enterprises, Ltd., appellant, was not accused of violating any particular section of the zoning ordinance; rather, it was accused of willful misrepresentation in its application for the permit. True, the letter of December 1, 1980, did not state the specifics of such misrepresentation. However, we can hardly find this lack of specificity fatal where those specifics are obvious and known to appellant. On November 20, 1980, appellant entered a lease agreement in which it specifically stated the premises would be used for an "Adult Travelers Rest Center." Further, the lease contained the following clause which detailed the intended use:

8. Lessor is aware that Lessee may be selling and displaying various books, newspapers, magazines and films and other products which may be of an adult nature and which some people may find offensive.

One day later, appellant completed the application for an occupancy permit in which it stated as its proposed use: a "Travelers rest center to include sale of minor auto parts and accessories, hardware, maps, newspapers, magazines, soda, food, candy, cigarettes, etc." The application gave no indication of the intention to deal primarily in so-called adult

5. We note that Visual-Ed Devices, supra, involved an attempt to enjoin further operation of the business without an occupancy permit, the revocation of which had not been appealed.

materials as intimated by the lease. Furthermore, the application made no mention of books or films which were primary items of sale according to the lease and as evidenced by the actual use. The provisions in these two documents do not describe the same intended activity. When coupled with the zoning officer's observations on December 1, 1980, it is difficult to accept the proposition that the author of these provisions was not given "sufficient definite warning" as to the allegation of willful misrepresentation on the occupancy permit application.

More specificity would have been praiseworthy, but it was not essential nor its absence fatal. As stated in Pittsburgh Press Co. v. Pittsburgh Commission on Human Relations, supra:

"This is an administrative proceeding and is not restricted by the niceties of common law pleadings. The Pennsylvania Legislature in its wisdom permitted the establishment of local administrative agencies to process complaints and hold proceedings to adjudicate issues concerning certain rights of citizens. It certainly was within the contemplation of the Legislature that such a local administrative agency would be lay oriented. It was contemplated and is indeed the reality that persons not formally trained in the law often serve as human relations commissioners. Similarly, it was to be expected that the complaints and charges would be framed in the language of laymen. Administrative agency proceedings have never been held to the high standards of a lawsuit filed in a court of law." 287 A. 2d at 166, 167. The letter of December 1, 1980, informed appellant that the occupancy permit was being revoked because of a falsified permit application; the details of which, undoubtedly, were known to appellant who had negotiated the

lease and completed the application. Viewed in the context of all the facts of the case. Pittsburgh Press, supra, 287 A. 2d at 166, we find the language used by the zoning officer, a lay person, clearly capable of an interpretation revealing the basis for the revocation of the occupancy permit.

Assuming, arguendo, that the zoning officer's letter was insufficient notice, we find that such insufficiency was surely later cured. We have already noted that appellant's cause was not fully aired at the hearing scheduled on January 28, 1981, before the zoning hearing board. See, order of May 16, 1981. However, the transcript of the Janaury 28 proceedings reveals that counsel for appellant repeatedly argued that the zoning officer's letter did not comport with due proces. Counsel for the township disputed this contention but nevertheless made it very clear that the occupancy permit had been revoked upon a determination that appellant had willfully excluded pertinent information from its permit application. This determination was arrived at by the zoning officer who had compared his observation of the premises at 4500 Allentown Pike with the information supplied in the permit application. Can apellant now complain that given the subsequent opportunity for a full hearing on July 29, 1981, he still was not reasonably informed of the basis for revocation of the permit in such a manner as to allow adequate preparation of a response? We think not. In view of all the circumstances we find that appellant was informed with reasonable certainty as to the reasons for revocation of the occupancy permit.

Appellant relies upon the case of Baird v. Zoning Board of Adjustment of Slippery Rock Borough, 20 Pa. Commw. 236, 340 A. 2d 904(1975). There, the

Commonwealth Court in dicta stated that due process was offended where a person was adjudicated in violation of a specific section of a zoning ordinance when he had been accused of violating a different section of the same ordinance. 340 A. 2d at 907. Instantly, appellant correctly states that the letter or revocation cites no specific sections of the Muhlenberg Township zoning ordinance. Again, appellant was not charged with violating any specific section of the zoning ordinance. Instead, appellant was accused of violating the spirit of the entire ordinance by procuring a permit upon a misleading application which did not disclose important information about the intended use of the subject premises. We, therefore, find Baird, supra, to be inapposite to this matter before us.

It is clear that a permit issued illegally, or under a mistake of fact, or under circumstances amounting to deceit confers no vested light or privilege upon the notwithstanding reliance upon the permit. Garnick v. Zoning Hearing Board of Bridgeton Township, 58 Pa. Commw. 92, 427 A.2d 310 (1981); Appeal of Girolamo, 49 Pa. Commw. 159, 410 A.2d 940, 944 (1980); Visual-Ed Devices v. Springettsbury Township, 54 Pa. Commw. 529, 422 A.2d 235 (1980). In Visual-Ed Devices, supra, the Commonwealth Court observed, upon facts very similar to the instant case, that the application for the permit was false and misleading and, therefore, conferred no vested rights to its recipient. 422 A.2d at 237.[6] We find no error here in the hearing board's

6. The zoning hearing board in its decision of September 3, 1981, concluded that the use actually described in appellant's application was not a permitted use without a special exception under Section 1200 of the Township Zoning Ordinance, which contains regulations for C-3 Highway

or the zoning officer's conclusion that ROBI Enterprises, Ltd., had submitted a false and misleading permit application. We also find the evidence supportive of the conclusion that the permit was issued under a mistake of fact. The zoning officer expected and mistakenly assumed that the premises would be used as the application set forth and as had been described to him verbally by appellant. It is evident that had appellant been forthright in its application the zoning officer was of the understanding that no permit could have been used without a special exception from the Zoning Board. A zoning officer is without power to issue a permit for a use which does not conform to the zoning ordinance. Municipalities Planning Code, 53 P.S. §10614. It follows, we believe, that a zoning officer may revoke within the appealable period (and indeed may be obliged to revoke) a permit subsequently determined by him/her to be improperly issued.[7] We find, then, evidence of both deceit and mistake in the issuance of the occupancy permit. The acquisition of vested rights in an invalidly issued permit depends on, among other factors, the good faith of the permit re-

---

Commercial Districts. In view of the notice received by appellant this issue was not properly before the board and was an improper basis for the board's decision. As it was not essential to the board's ultimate decision we find this to be harmless error.

7. The case of Commonwealth Dept. of Environmental Resources v. Flynn, 21 Pa. Commw. 264, 344 A.2d 720 (1975), outlined the requirements for acquiring vested rights in a mistakenly issued permit. Essentially one must show (1) due diligence in complying with the law; (2) good faith; (3) expenditure of substantial unrecoverable funds; (4) lapse of the period of appeal; and (5) a showing that individual property rights or the public health, safety and welfare would not be adversely affected by the use of the permit. Id. 344 A.2d at 725.

cipient. Upon review of the record we feel that the manifestations of bad faith on appellant's part weigh heavily against any finding of vested rights in this occupancy permit.

Having concluded that appellant has no vested rights in the occupancy permit issued under circumstances amounting to deceit and mistake of fact we find it unnecessary to respond to appellant's First Amendment claims. However, in passing, we observe that there is no evidence before us to indicate the deprivation of any rights protected under that provision of the Constitution. We cannot determine what would have been the result had appellant honestly stated what it intended to do and had it applied for a special exception from the zonng hearing board. Nor do we know that a denial of such an exception would have been on grounds violative of the First Amendment. Furthermore, appellant's challenge that Muhlenberg Township does not follow the constitutional dictates of fair share zoning constitutes an attack upon the whole zoning ordinance and may only be raised by challenge pursuant to 53 P.S. §11004. See, Appeal of American Medical Centers, Inc., 54 Pa. Commw. 573, 422 A. 2d 1192 (1980); Phelan v. Zoning Hearing Board of Lower Merion Township, 19 Pa. Commw. 63, 339 A. 2d 612 (1975). Accordingly, we enter the following

## ORDER

January 22, 1982, upon consideration of this appeal from an adjudication by the Zoning Hearing Board of Muhlenberg Township and this opinion, we hereby order and decree that the zoning hearing board has committed no palpable abuse of discre-

132

tion or error of law such as to require a reversal of its decision in this matter. The appeal of ROBI Enterprises, Ltd., is therefore denied.