Robi Enterprises, Ltd., Appellant *v.* The Zoning Hearing Board of Muhlenberg Township, Appellee.

Argued May 12, 1983, before Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*William G. Sherr, Stark and Sherr,* for appellant.

*Scott L. Huyett,* for appellee.

*Eugene C. LaManna, Austin, Boland, Connor & Giorgi,* for intervenor, Township of Muhlenberg.

OPINION BY JUDGE DOYLE, October 27, 1983:

Before this Court is an appeal by Robi Enterprises, Ltd. from a decision and order of the Court of Common Pleas of Berks County affirming a decision by the Zoning Hearing Board of Muhlenberg Township to uphold the Township zoning officer's revocation of Robi's occupancy permit.

After a careful consideration of the arguments and review of the briefs and record in this matter, we find we are in full agreement with the opinion of the common pleas court. Accordingly, we affirm on the basis of the comprehensive and well reasoned opinion of Judge ARTHUR ED SAYLOR, *Robi Enterprises, Ltd. v. The Zoning Hearing Board of Muhlenberg Township,* Pa. D. & C.3d    (1982).

ORDER

Now, October 27, 1983, the decision and order of the Court of Common Pleas of Berks County dated January 22, 1982 at No. 82 March 1981 in the above captioned matter is hereby affirmed.

---

CONCURRING OPINION BY JUDGE CRAIG:

I concur in the result and in Judge SAYLOR's excellent analysis rejecting the applicant's due process contention. For full resolution, however, the case should be remanded to determine whether or not the applicant's enterprise, in its actual nature, would be a permitted use in the C-3 Highway Commercial District involved.

That issue, still unresolved, lies at the core of this case. The trial judge's opinion, noting that "had appellant been forthright in its application" the zoning officer understood that it would have required a special exception approval, went on to state:

A zoning officer is without power to issue a permit for a use which does not conform to the zoning ordinance. Municipalities Planning Code, 53 P.S. §10614. It follows, we believe, that a zoning officer may revoke within the appealable period (and indeed may be obliged to revoke) a permit subsequently determined by him/her to be improperly issued.[6] We find, then, evidence of both deceit and mistake in the issuance of the occupancy permit.

Thus the trial court rested at least one leg of the decision upon a conclusion that the *actual use* ("had appellant been forthright in its application") was not a permitted use under the zoning ordinance. In an appended footnote, the trial court opinion, noting the zoning hearing board's conclusion that the *purported*

use ("the use actually described in appellant's application") required special exception approval, added that this issue of the acceptability of the purported use was not properly before the board; I agree, but whether or not the actual use was permissible is a point more than incidental. That ground of the decision is at least as significant as the other one—misrepresentation—for which no controlling statute or ordinance provision is cited.

In essence, the prevailing position of the municipality is that this applicant described the use as a "travellers rest" when it really turned out to be an adult bookstore. In the record, the pertinent zoning ordinance section states that the C-3 Highway Commercial District allows only automobile-oriented uses, restaurants, motels, funeral homes ( ! ), professional offices, financial institutions, library ( ? ), and other commercial uses related to highway locations. It may well be that a bookstore, adult or otherwise, as well as a travelers rest, is not permitted without special exception approval. If such is the case and because it provides part of the basis for the permit revocation, the point should be decided.

The less-than-candid application here used the vague term "travellers rest," but it also proposed the sale of newspapers and magazines. Our decision should not rest upon the unguided determination of the zoning officer and zoning hearing board in distinguishing between "magazines" and "adult magazines" without a standard for doing so. Unlike the Pennsylvania township in *Visual-Ed Devices v. Springettsbury Township*, 54 Pa. Commonwealth Ct. 529, 422 A.2d 235 (1980), which had expressly adopted sex-business zoning provisions, as constitutionally approved in *Young v. American Minitheaters*, 427 U.S. 50, *reh. denied*, 429 U.S. 873 (1976), the municipality here has not attempted to write any such distinction

into a law which would confer predictability and guidance.

If municipal zoning ordinances are to create what has been colloquially designated as "war zones," as well as highway zones, they must accomplish that by proper local legislation.