Dinzel J. Karch, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 2, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., and COLINS, sitting as a panel of three.

*Richard C. Slama, Jr.,* with him, *John P. Trevaskis, Jr.,* for appellant.

*Robert F. Pappano,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 14, 1985:

Dinzel Karch appeals a Delaware County Common Pleas Court order dismissing his post-verdict motions seeking to set aside his conviction for violating the Tinicum Township zoning ordinance.

Karch applied to the Township for a certificate of occupancy to use his premises as an auto repair, body repair, and sales and maintenance shop. The Township's zoning officer denied this application for not conforming to the surrounding residential zoning. He appealed this denial to the Zoning Hearing Board, seeking relief either through a variance or a special exception to continue a prior nonconforming use. The Zoning Hearing Board sustained the zoning officer's decision, finding that the uses contemplated by Karch would not represent a continuation of a prior nonconforming use. The common pleas court affirmed the Zoning Hearing Board's decision; Karch did not appeal that ruling.

Undaunted by the string of adverse rulings, Karch commenced operating an auto repair shop. He was cited for this, and a District Justice found him guilty of violating the Township's zoning ordinance. Karch appealed to the Delaware County Common Pleas Court. The trial court, following a hearing, adopted as conclusive the Zoning Hearing Board's findings of fact on the nonconforming use issue, and found him guilty. Karch's post-verdict motions were dismissed. The present appeal ensued.

In this appeal, Karch attacks the trial court's holding that his use of the premises was not a continuation of a prior nonconforming use. Specifically, he contends that the court erred in concluding that the Zoning Hearing Board's findings on the nonconforming use issue were binding upon it. There is no merit in this argument.

Where a zoning issue has been litigated to a final conclusion under the appeal provisions of the Pennsylvania Municipalities Planning Code,[1] relitigation of

_____
[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

this issue in a subsequent enforcement action is precluded. Section 1001 of the Code[2] provides "The proceedings set forth in this article [Article X, governing appeals] shall constitute the *exclusive* mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act." (Emphasis added.) In *Visual Education, Inc. v. Springettsbury Township,* 54 Pa. Commonwealth Ct. 529, 422 A.2d 235 (1980), this Court relied on Section 1001 in holding that a party's failure to appeal the revocation of a use and occupancy permit precluded any challenge to the validity of the revocation in a later enforcement action.

The Zoning Hearing Board's findings on the nonconforming use issue having been affirmed by the common pleas court without further appeal, this issue was litigated to a final conclusion. Section 1001 of the Code therefore applies to prohibit it from being relitigated.[3]

Karch erroneously relies on *Philadelphia v. Stradford Arms, Inc.,* 1 Pa. Commonwealth Ct. 190, 274 A.2d 277 (1971), as support for his argument that collateral estoppel does not apply to the findings of a local administrative body when a subsequent action is brought in a court. The holding in *Stradford Arms* is inapplicable here since that case did not arise under Code Section 1001.[4]

---

[2] 53 P.S. §11001.

[3] As we hold that Karch may not now challenge the prior findings on the issue of nonconforming use, we do not address his arguments contesting these findings.

[4] The events in *Stradford Arms* occurred prior to the Code's enactment in 1968. Furthermore, Philadelphia, as a city of the first class, is exempt from the Code. *See* Section 107(13), 53 P.S. §10107-(13) (Supp. 1984-85).

Karch also claims that there was insufficient evidence to convict him of violating the Township's zoning ordinance. This argument, however, assumes that the Zoning Hearing Board's findings on nonconforming use were not conclusive upon the trial court. Since these findings were indeed conclusive upon the court, there was sufficient evidence supporting Karch's conviction.

Affirmed.

### ORDER

The order of the Delaware County Common Pleas Court, No. 480-81, S.A., dated June 22, 1982, is affirmed.

Judge COLINS dissents.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.