516 A.2d 110

Grace Lipari *v.* Zoning Hearing Board of City of Easton and The Antonian Ltd., Dominick Perazzetti and Mary Perazzetti. The Antonian, Ltd., Appellant.

Grace Lipari *v.* Zoning Hearing Board of City of Easton and The Antonian Ltd., Dominick Perazzetti and Mary Perazzetti. Grace Lipari, Dominick Perazzetti and Mary Perazzetti, Appellants.

Argued September 1, 1986, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Philip D. Lauer, Philip D. Lauer, P.C.*, for appellant/ appellee, protestants.

*Herbert V. Giobbi*, with him, *Joel H. Ziev, Ziev, Giobbi & McFadden*, for appellee/appellant, applicant.

OPINION BY JUDGE CRAIG, October 17, 1986:

This zoning appeal presents an example of the issue which classically arises in our review of variances: Where a zoning hearing board has granted variances allowing (1) a high-rise apartment building in a residential district in which only single-family and two-family dwellings are listed as permitted residential uses, and (2) a 60% increase in building height over the maximum allowable height, are those variances supported by findings which demonstrate any unique physical circumstances or conditions peculiar to the particular property which would result in hardship—inability to make a reasonable use of the property—if the variances were not granted?

The trial court's opinion well summarized the background facts of this case by stating: "The subject of this appeal is a tract of land situated at the southeast corner of Ninth and Washington Streets in Easton, which has been donated to The Antonian, Ltd. by St. Anthony's Catholic Church. The property is located in an R-MD, residential-medium density, zoning district. The Antonian, Ltd., a non-profit corporation, planned to build upon that site a federally subsidized seven-story apartment building for the elderly."

"In order to construct the building as planned, The Antonian, Ltd. applied to the Zoning Hearing Board of the City of Easton for use, height and yard variances, and a special exception for reduction of required parking."

According to section 1335.01 of the Easton Zoning Ordinance, the only permitted principal uses in the R-MD residential district, aside from public facilities, are single-family dwellings, two-family dwellings, churches

and church schools. High-rise apartment buildings are therefore prohibited; although special exception sections 1309.18 and 1335.03 provide for conditional approval of garden type apartments, those provisions are not applicable here because they relate only to low-rise multiple dwellings.

The elderly housing high-rise proposal is for a building which would contain fifty housing units and be sixty-four feet high, a 60% increase in height beyond the forty-foot maximum allowed for multi-family dwelling by section 1335.04 of the zoning ordinance.

The Antonian's special exception request is one which seeks to reduce the minimum number of required off-street parking spaces from one per housing unit (fifty) to forty-three, under section 1309.24 of the zoning ordinance, allowing reduction of off-street parking space minimum with respect to "public housing for the elderly."

Pursuant to a hearing, the zoning hearing board granted all of the variances sought, as well as the special exception for off-street parking. Objecting residents of the neighborhood appealed to the Court of Common Pleas of Northampton County. Without receiving any additional evidence, that court affirmed the board's decision, and the objectors have appealed to this court.[1]

The trial judge, noting that he had received no additional testimony concerning the merits of the appeal, correctly expressed the scope of judicial review as follows:

> With the state of the record thus clarified, our standard of review is clear: where the court

---

[1] This opinion deals with the objectors' appeal at No. 1382 C.D. 1986. A separate appeal by The Antonian, at No. 1560 C.D. 1986, related to the matter of an objectors' bond. In view of this court's order dated August 12, 1986, that appeal is not being pursued and will be dismissed.

has not taken additional evidence, the decision of the Zoning Hearing Board must not be disturbed unless the court finds an abuse of discretion or an error of law. Valley Forge Industries, Inc., Appeal, 406 Pa. 387, 177 A.2d 450 (1962); Waber v. Zoning Board, 41 Pa. Commonwealth Ct. 565, 400 A.2d 893 (1979).

The role of a court in a zoning appeal is limited. The need for and enactment of zoning ordinances is a matter wisely left, for the most part, to the discretion of the duly elected officials of local government.

. . . .

It is the function of the zoning board to determine whether the evidence satisfies that test and the courts will not disturb that determination unless it is not supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Valley View Civic Association v. Zoning Board of Adjustment, supra at 559, 462 A.2d at 640.

For the substantive principles governing the use, height and yard variances involved in this case, the trial judge appropriately referred to section 912 of the Pennsylvania Municipalities Planning Code (MPC),[2] 53 P.S. §10912. In *Township of Falls v. Zoning Hearing Board of Falls Township,* 91 Pa. Commonwealth Ct. 551, 554-5, 498 A.2d 13, 14-15 (1985), this court summarized the judicial understanding of the statutory variance principles in section 912 by stating:

The applicant for a variance has the heavy burden of proving (1) that the ordinance imposes

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11108-A.

unnecessary hardship on the property and (2) that the proposed variance will not be contrary to the public interest. Valley View Civic Association v. Zoning Board of Adjustment, 501 Pa. 550, 462 A.2d 637 (1983).

An applicant can prove unnecessary hardship either

(1) by showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense. . . . ; or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. (Citations omitted.)

Philadelphia v. Earl Scheib Realty Corp., 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973).

Under section 912 of the MPC, 53 P.S. §10912, those physical circumstances of the property must be such that there is 'no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable reasonable use of the property.'

Unfortunately, the board's findings of fact and the record establish that the applicant failed to meet its burden to justify the variances by showing that its land was valueless, or that it could not be used for the one- or two-family dwelling uses which constitute the principal permitted uses in this residential district.

Searching the board's findings for any indication of unnecessary hardship with respect to the land itself, we

find only facts relating to the undoubted desirability of the subsidized project. Finding No. 5 adopted the testimony of the church pastor, who confirmed that "there was a need for housing for the elderly" and further stated "that such project would be the best use of the subject site, since the area is used infrequently as a playground." That finding discloses no hardship of the kind required by law for a variance.

The closest that the trial judge could come to finding some identification of the required hardship in the findings of the board was in the board's adoption of a statement of the applicant's architect that "it would not be feasible to decrease the height of the proposed structure, since funding has already been approved for fifty units."

Of course, to hold that a variance is necessary to accommodate the planned project size, in order to retain the federal subsidy commitment, has no relevance to the essential statutory concern for hardship consisting of unusability of the land as a consequence of unique physical circumstances which prevent development in compliance with the ordinance.

The board's decision also contains a general conclusion that unnecessary hardship will result if the variances are not granted, but there is no further specification of the nature of any hardship.

The board also concluded generally that the variances would not be contrary to the public interest, nor detrimental to health, safety and welfare, and that the proposed apartment house would not alter the character of the neighborhood, but, as we stated in *Hipwell Manufacturing Co. v. Zoning Board of Adjustment*, 70 Pa. Commonwealth Ct. 83, 87, 452 A.2d 605, 606 (1982):

However, before the question of a neighbor's alleged detriment can even be reached, the applicant for the variance has the burden of es-

tablishing that there is an unusability hardship resulting from unique circumstances. Ignelzi v. Zoning Board of Adjustment of the City of Pittsburgh, 61 Pa. Commonwealth Ct. 101, 433 A.2d 158 (1981).

Subsequently in the same opinion, we stated:

> The signal difficulty here with respect to establishing the basis for the variance is the absence of any finding by the board, and indeed the absence of any evidence in the record, to establish why the property cannot be used for the construction of a multiple-dwelling having fewer than 10 units and a major dimension less than 82 feet.

*Id.* at 87, 452 A.2d at 606. With a difference only in the numbers, the same words apply to this case: The signal difficulty here with respect to establishing the basis for the variances is the absence of any finding by the board, and indeed the absence of any evidence in the record, to establish why the property cannot be used for the construction of a multiple dwelling having fewer than fifty units and a height dimension less than sixty-four feet. *See also Somerton Civic Association v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984).

The emphasized contention in the brief for The Antonian is that the physical characteristics of the property *"deny its use for a home for the elderly of lesser height."* However, there is neither evidence nor argument that physical characteristics of the property deny its use for those residential purposes which the ordinance permits.

In addition, The Antonian's brief points out that, during the church's previous ownership of the lots, attempts by the church and municipal agencies to use it for playground and parking purposes came to naught.

Accordingly, the brief indicates in italics what presumably is the capstone contention:

> *Land which cannot be utilized for either a playground or a parking lot surely is valueless and subject to variance approval.*

Regrettably, this argument fails to present a convincing analysis *a fortiori*. Evidence that potential users have declined to take advantage of recreational and parking uses, which the church admirably attempted, falls short of proof that the land is unsaleable or unusable for the construction of dwellings up to three stories in height, which would comply with the ordinance limitations as to use and dimension.

Finally, the brief for The Antonian urges that there need be no finding as to a unique situation of the land where "it is a question of balancing the benefit to the neighborhood and community versus the literal interpretation of the Act." The applicant does not, and cannot, offer any authority to support that novel concept of a balancing test as a basis for granting variances from ordinance requirements.

There is no doubt that the wholesome nature of The Antonian project—to fill an undoubted need for housing for the elderly—persuaded both the zoning hearing board and the trial court to look favorably upon the substantial use and dimensional variances necessary to fit it into the available property and the neighborhood here. However, only the governing body of the municipality has the power and the responsibility under the law to embody in ordinance legislation the policy determinations which are unavoidably involved in deciding where intensive apartment development should be placed. Neither the appointed zoning board members nor the courts can relieve the municipal elected officials of that responsibility.

The record here does not indicate whether The Antonian, as the nonprofit developer, has ever applied to the Council of the City of Easton for a rezoning or an appropriate text amendment, such as a special exception provision conditionally allowing housing for the elderly, pursuant to appropriate standards.

Because the decision of this court must be to reverse in view of the absence of the required statutory basis for the variances, there is no need to review the legal question of whether the special exception for parking reduction in "public housing" can be applied to publicly subsidized housing owned by a private nonprofit corporation, in the absence of any councilmanic clarification of the precise meaning of those ordinance terms.

ORDER IN 1382 C.D. 1986

NOW, October 17, 1986, the order of the Court of Common Pleas of Northampton County at Docket No. 1986-C-410, dated April 24, 1986, is reversed.

ORDER IN 1560 C.D. 1986

NOW, October 17, 1986, this appeal is dismissed.