Standard Investments Corporation's Petition.

Argued January 27, 1941.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Russell H. Yoder,* for appellant.

*Chas. W. Matten,* with him *Richard T. Williamson,* for appellee.

PER CURIAM, March 24, 1941:

This appeal by the Borough of Wyomissing Hills is from a decree of the court below vacating the action of the Board of Adjustment under the Borough Zoning Ordinance in refusing Standard Investments Corporation a gasoline filling station construction permit.

The site of the proposed filling station is an unimproved lot of ground, abutting on the south side of Penn Avenue at a point west of the intersection of Penn Avenue and Hillside Road, forming part of a narrow strip of land lying between Penn Avenue, a three-lane primary state highway, which traverses the Borough of Wyomissing from east to west, and the right-of-way of the Reading Railway Company which, at this point, is heavily used and which has thereon five sets of tracks. The lot has a frontage on Penn Avenue of 400 feet and a depth ranging from about 2 feet at the eastern side to 44 feet at the western side and is directly across the street from a large mausoleum for the entombing of the dead. On the north side of Penn Avenue, between the borough's eastern boundary line and Hillside Road, are six gasoline filling station; west of Hillside Road, in addition to the mausoleum referred to, are vacant lots

and eleven residences, three of which are located near the intersection of Penn Avenue and Hillside Road and the remainder of which are located between the mausoleum and the western boundary line of the borough. There are no dwelling houses south of Penn Avenue, all of the improved ground in this area being used for business purposes. To the east of the proposed site, between Hillside Road and the eastern boundary, are a foundry, gasoline filling and storage station, and a manufacturing plant formerly used in the manufacture of insecticides; to the west are billboards, a storage garage accommodating five or six cars, a trolley or bus passenger station, a grocery store and a storage lot for second-hand cars. Recognizing that this property is not suitable for residential purposes, the Zoning Ordinance includes the whole of the area lying between Penn Avenue and the railroad within the business district, but limits the erection and use of, inter alia, "gasoline filling and battery service stations" to the area south of Penn Avenue and east of Hillside Road.

As was said in *White's Appeal*, 287 Pa. 259, 266, referring to the validity of zoning ordinances: "There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare. The exercise must have a substantial relation to the public good within the spheres held proper. It must not be from an arbitrary desire to resist the natural operation of economic laws or for purely aesthetic considerations." After hearing, during which additional testimony was taken, the court below concluded that "the ordinance, in so far as it purports to deny to the appellant the right to erect a gasoline filling station on its property, is unreasonable and the action of the Board in refusing the permit is arbitrary, and without any substantial relation

to the public health, safety, morals, or general welfare." We are not satisfied that this conclusion was so manifestly erroneous as to require reversal.

We agree that it is not the duty of the courts to fix the district lines or otherwise to take the place of the zoning authorities, but as was pointed out in *Taylor v. Haverford Twp.*, 299 Pa. 402, 415, such authorities are subject to have their work in that respect pro tanto set aside where, as here, its application to a particular property is properly found, on judicial review, to be unreasonable and confiscatory.

Decree affirmed at appellant's cost.