## Mobil Oil Corporation, et al. v. Zoning Board of Adjustment.

Argued April 4, 1972, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

· *H. Joseph Hepford,* with him *Lee C. Swartz, Bonnie D. Menaker* and *Hepford, Zimmerman & Swartz,* for appellants.

*Jerome T. Foerster,* with him *Smith, Fox, Roberts, Foerster & Finkelstein,* for appellee.

PER CURIAM OPINION, May 26, 1972:

The Zoning Board of Adjustment and the Court of Common Pleas, after a de novo hearing, both refused appellants' request for a variance. We affirm on the opinion of Judge WARREN G. MORGAN, reported herewith, which ably disposes of all the questions raised, excepting one, i.e.: Does the record sustain the lower court's decision? We find that it does.

The case was exceptionally well tried by all counsel, both before the Zoning Board of Adjustment and the Common Pleas Court. In this appeal, appellants rely on a line of cases of the Supreme Court of Pennsylvania, including *Standard Investments Corporation's Petition,* 341 Pa. 129, 19 A. 2d 167 (1941); *Ferry v. Kownacki,* 396 Pa. 283, 152 A. 2d 456 (1959); *Forest Hills Borough Appeal,* 409 Pa. 392, 187 A. 2d 166 (1963); and *Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A. 2d 138 (1963). This line of cases and this record might support appellants' position if the lower court had found in favor of granting the variance. Such was the instance in the cases cited. Such

is not the instance here. Here the lower court found, with ample evidence to support it, that a variance was not warranted.

Affirmed.

———

By the Court Below:

This is an appeal from the refusal of the Zoning Hearing Board of Dauphin Borough to grant a variance from the provisions of the zoning ordinance to permit the erection of a gasoline service station on property owned by the individual appellants, which the appellant Mobil Oil Company has conditionally agreed to purchase, and located in a C-1, Semi-Commercial District. A de novo hearing was held before us and from the record we make the following

## Findings of Fact

1. The individual appellants are the owners of properties in Dauphin Borough as follows:

John W. and Mary Elizabeth Whitenight, 218 Erie Street; Joyce E. H. Lupey, 228 Erie Street; Elizabeth P. Christ and Marlin P. Weaver, 222-224 Erie Street; Richard S. and Corinne E. Megonnell, 226 Erie Street; Wilmer L. Boughner and Catherine Boughner Brown, 230-232 Erie Street.

2. The individual appellants have executed an agreement to sell the properties to appellant, Mobil Oil Company, which agreement is contingent upon the requested variance being granted for the erection of a gasoline station.

3. The properties, which have residential structures erected on them, are located in a C-1, Semi-Commercial District under the provisions of the Dauphin Borough Zoning Ordinance adopted on July 6, 1948.

4. Under the provisions of Section 501 of the Dauphin Borough Zoning Ordinances the following uses are permitted in C-1, Semi-Commercial Districts:

(1) Residences, including multi-family dwellings, boarding houses, tourist housing in private homes:

(2) Churches, convents and parish houses.

(3) Schools, Libraries and museums.

(4) Municipal Building and Post Office.

(5) Office, studio, personal service shop, bank, financial institution, telegraph office and telephone exchange.

(6) Restaurants, tea room, delicatessen, confectionery shops, or retail food, drug or general merchandise store.

(7) Fraternal and veterans organizations.

5. Under the provisions of Section 1005 of the Dauphin Zoning Ordinance, gasoline service stations are permitted in the I-1 Industrial District.

### DISCUSSION

A variance may be granted only under exceptional circumstances and only where the applicant establishes (1) that an unnecessary hardship, unique to the particular property, will result if the variance is not granted; and (2) that the proposed use will not be contrary to the public interest. *O'Neill, et al., Appellants v. Zoning Board of Adjustment*, 434 Pa. 331, 254 A. 2d 12 (1969) ; *Filanowski, et al. v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A. 2d 670 (1970).

The familiar requirements for a variance are set forth in *Richman v. Zoning Board of Adjustment*, 391 Pa. 254, 259, 137 A. 2d 280 (1958) :

"A variance is a departure from the letter, but not the spirit, of the zoning statute. It is not to be considered that a re-zoning may be accomplished under the guise of a grant of variance.

"The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an 'Unnecessary hardship'; and even then, the variance can be granted only if the spirit

of the ordinance shall be observed; the public health, the public safety, and the general welfare secured; and substantial justice done. He who seeks a variance has the burden of proving justification for its grant. The 'hardship' which must be proven must be an 'unnecessary', not a 'mere' hardship, as well as 'unique or peculiar' to [the property involved] as distinguished from the impact of the zoning regulations on the entire district. The fact that an increase or decrease in value will result from the grant or refusal of a variance will not, standing alone, constitute a sufficient hardship."

This record will not support a variance. There are five parcels of land included in the tract for which the variance is sought. Except for some general but inconclusive observations, by a real estate expert who had never attempted to sell them, regarding possible difficulty in marketing the parcels in the tract for any of the permitted uses, there was no testimony of hardship in connection with Nos. 222-224-226 Erie Street which comprise over 40% of the tract. Nor was the testimony offered in connection with the other parcels more compelling. Generally, the type of hardship that justifies the granting of a variance is brought about by the shape or topography of the land. At most, the other applicants have established that their respective real estate brokers had not sold their properties for the asking price during the terms of their listing contracts. In weighing this testimony, it was significant that one real estate broker was not even aware that the property he attempted to sell was zoned for commercial uses. The testimony of the applicants regarding attempts to sell was far "short of the active, prolonged, and specific testing of the marketability of the ground which is essential to demonstrate that it cannot be sold or used for the purpose zoned." *Eldridge v. Cheltenham Twp.*, 87 Montg. Co. L.R. 135. It appears that the only hard-

ship that the applicants might suffer from the refusal of the requested variance is economic. Such hardship is insufficient to warrant the grant of a variance. *Andress v. Zoning Board of Adjustment,* 410 Pa. 77, 188 A. 2d 709 (1963).

Appellants point out that in the past another variance has been granted permitting a gasoline service station in this zone. Aside from the fact that this use was later abandoned, each request for a variance must rest on its own facts, and evidence of granting other variances is not only irrelevant, it is inadmissible. *Richman v. Zoning Board of Adjustment, supra.*

Appellants also challenge the constitutionality of the zoning ordinance on the ground that its regulating of gasoline service stations bears no substantial relationship to the public health, safety, morals and general welfare. They recognize the principle that imposes the burden of proving the invalidity of an ordinance upon the one who challenges it but seek to shift this burden to the municipality by contending that the ordinance totally prohibits gasoline service stations. *Beaver Gasoline Co., et al. v. Zoning Board of the Borough of Osborne and the Borough of Osborne,* 1 Pa. Commonwealth Ct. 458, 275 A. 2d 702 (1971). According to the appellants, although this ordinance does not literally prohibit gasoline service stations it effectually does so by restricting such use to a district several blocks distant from the most travelled highway. They argue that it is not economically feasible to locate a gasoline service station in this district and cite the present absence of such use to support their contention.

We do not agree with the appellants. They have the burden of proving the invalidity of this ordinance under the general rule and have not sustained it. The Dauphin Borough Zoning Ordinance expressly permits gasoline service stations in the I-1 Industrial District and the principle asserted by appellants for *Beaver Gasoline*

*Co., supra,* has not been extended to cases other than those where the total prohibition appeared on the face of the ordinance. There is a presumption that a zoning ordinance bears a reasonable relationship to the public health, safety, morals and general welfare. *National Land and Investment Co. v. Easttown Twp. Bd. of Adj.,* 419 Pa. 504, 215 A. 2d 597 (1965). We cannot say from this record that Dauphin Borough was unreasonable in its regulation of gasoline service stations. We are certainly not persuaded of such unreasonableness by the testimony that none have been erected in the I-1 Industrial District; particularly, in light of two facts developed by the appellants; namely (1) that the gasoline service station authorized as a variance in the C-1, Semi-Commercial District just across the highway from the property in issue has been abandoned for some years, and (2) according to the Mobil Oil Co. expert, even if such use was permitted in every zoning district in Dauphin Borough, the subject property was the only location in the entire municipality where it "made any sense to put a service station."

### CONCLUSIONS OF LAW

1. Appellants have not met the burden of proof resting upon them either as to a variance nor as to the invalidity of the Dauphin Borough Zoning Ordinance in its application to the case at bar.

2. The appeal must be dismissed.

### ORDER OF COURT

And now, December 6, 1971, the appeal from the decision of the Zoning Hearing Board of Dauphin Borough is dismissed.

———

CONCURRING OPINION BY JUDGE CRUMLISH:

I concur in the conclusion in which the majority adopts the opinion of the court below. The appellant

has failed to meet the burden of proof as to the need for a variance and to the constitutional challenge to the ordinance. However, I believe the lower court misapprehends the burden in the constitutional issue.

Mobil Oil contended that the Dauphin Borough zoning ordinance was a de facto prohibition of gasoline service stations in that they were permitted only in what was in actuality an economically unfeasible territorial confine. The lower court recognized that prohibitory zoning reduces the onus put on those who challenge constitutionality by calling the municipality at the outset to justify by supporting evidence its stringent restriction. *Beaver Gasoline Co. v. Borough of Osborne,* 445 Pa. 571, 285 A. 2d 501 (1971). As I read it, the court held that *Beaver* applies only where the total prohibition is spelled out on the face of the ordinance. I do not agree.

In *Beaver,* the Supreme Court affirmed this Court, 1 Pa. Commonwealth Ct. 458, 275 A. 2d 702 (1971), in holding that one who challenges the prohibitionary nature of an ordinance has the moving burden of proving it. Neither this Court, nor the Supreme Court, has limited this burden to de jure prohibitions. Our sustained interpretation of this facet of the law never intended to place upon a municipality a heavier burden in its defense of an admitted prohibition than its defense of a *proven* prohibition which by ingenious draftsmanship it sought to deny or to disguise. If appellant had met his burden by proving the existence of a de facto prohibition, the theory of *Beaver* should have applied.

The record indicates that Mobil has failed to meet this threshold burden. Accordingly, I concur in the conclusion that the appeal must be dismissed.

Judge KRAMER joins in this Concurring Opinion.