## Martin v. Center Township

*Richard L. Neff,* for plaintiff.
*Joseph J. Liberati,* for defendant.

MANNIX, *J.*, December 14, 1984—This matter is before the court on a timely filed appeal of Ernest A. Martin from the Center Township Board of Supervisors denial of his conditional use application. This court held a de novo hearing on Wednesday, November 28, 1984, at which the following facts were established.

1. Appellant, Ernest A. Martin, is a licensed real estate broker who has conducted his business in Center Township for the past 20 years.

2. Appellant is seeking to purchase property known as 1304 Lincoln Shire Drive which is situate at the corner of said drive and Brodhead Road to be used as his business office. Said property is zoned "R-2 Suburban Residential".

3. Professional offices are a "conditional use" permitted in R-2 Zones under the Zoning Ordinance of the Township of Center.

4. Appellant's August 13, 1984, application for a conditional use, although recommended by the township engineer and township planning commission, was rejected by the Center Township Board of Supervisors on October 24, 1984.

5. Appellant plans to make no structural changes to the residence building presently situate on the subject property.

6. Appellant proposes to install a small parking area on the Brodhead Road side of the structure, containing ten, nine-foot by twenty-foot parking stalls; to erect a barrier separating the parking area from Brodhead Road except for an entrance/exit lane; and is willing to put up a fence or hedge barrier in front of the property along Lincoln Shire Drive.

7. Lincoln Shire Drive is comprised solely of single family residence properties and zoned R-2.

8. The Golden Dawn Supermarket property abuts the subject property on the south. A laundromat and dry cleaners is currently being constructed directly across Brodhead Road from the subject property.

9. The subject property was used as a real estate sales office and model home by Lincoln Homes from 1976 to 1980.

10. Appellant has, for the past 20 years, operated his real estate business from offices situate on Brodhead Road, Center Township, in R-2 zones.

11. There was no evidence offered as to the probable effect, if any, on the traffic patterns in the immediate vicinity should there be a real estate office at the subject property.

The parties stipulated that the court's hearing would be a de novo proceeding. At such a hearing, the court is to receive testimony and decide the case on its merits. Minnick v. Zoning Hearing Board, Town of McCandless, 71 Pa. Commw. 333, 455 A.2d 243 (1983); Boss v. Zoning Hearing Board, Borough of Bethel Park, 66 Pa. Commw. 89, 443 A.2d 871 (1982).

The Zoning Ordinance of the Township of Center defines "Professional Office" at section 201.44 as follows:

"Business conducted by an individual who must be licensed under the Laws of the State of Pennsylvania."

Black's Law Dictionary defines "profession" as a "vocation, calling, occupation or employment involving labor, skill, education, special knowledge and compensation or profit, but *the labor and skill involved is predominantly mental or intellectual,* rather than physcial or manual . . . [It] implies professed attainments in special knowledge as distinguished from mere skill". (Emphasis added.)

Appellee argues that a real estate office is not a professional office according to the settled case law of this Commonwealth and, therefore, Appellant's proposed use of the subject property is not a permissible conditional use under the zoning ordinance. However, the cases relied upon by the appellee are clearly distinguishable from the present case. In Reich, et ux. v. Reading, 3 Pa. Commw. 511, 284 A.2d 315 (1971) and Cummer v. Narberth Board of Adjustment, 59 D.&C. 686 (1947), neither zoning ordinance defined "professional offices" at all. In Good v. Haverford Township Zoning Board, 35 Pa. Commw. 155, 384 A.2d 1374 (1978), real estate offices were excluded specifically from the zoning ordinance's definition of "professional offices". Finally, in Ridley Township v. Pronesti, 431 Pa. 34, 244 A.2d 719 (1968), the Supreme Court interpreted a zoning ordinance much different from the one presented here. Nowhere was professional office defined and only a list of examples was included to illustrate the definition of accessory or conditional use.

The Reich case supports the proposition that a township is permitted to define terms as it chooses when adopting a zoning ordinance. While "mere requirement of licensing does not of itself categorize the occupation as that of a profession", Reich, at 519, "[a] municipality may designate by definition any meaning it wishes to be accorded particular words or phrases in a given ordinance". Reich, at 516. Municipalities, therefore, have wide discretion in defining terms within their zoning ordinance.

Appellee, in its brief and during oral argument, expresses concern that should the court adopt a literal interpretation of "professional offices" the term would include establishments such as "bars, beer distributorships, retail shops, restaurants, [and]

pawn shops". However, there exists a presumption in this Commonwealth that zoning ordinances bear a "reasonable relationship" to the public health, safety, morals and general welfare of the community involved. Mobil Oil Corporation v. Zoning Board of Adjustment of Borough of Dauphin, 5 Pa. Commw. 535, 291 A.2d 541, 544 (1972).

To allow such establishments in an R-2, residential zone under the definition of "professional offices" as contained in the Center Township Zoning Ordinance would not be a reasonable interpretation of said ordinance. To permit a real estate office in Center Township's R-2 zone, however, would seem to be a reasonable interpretation of its zoning ordinance definition of "professional offices" and one within the contemplation of the township when the ordinance was adopted. This is particularly true in light of the facts that (1) the subject property was used as a real estate sales office and model home for several years by Lincoln Homes from which many homes in this development were sold; and (2) appellant's other offices in Center Township were also located in R-2 zones.

The burden on a conditional use applicant is to present evidence and persuade the designated tribunal that all objective requirements of the ordinance have been met. Robinson Township v. Westinghouse Broadcasting Company, 63 Pa. Commw. 510, 440 A.2d 642 (1981). Once this burden has been met, authorization for the use shall issue unless those objecting to the use "come forward with evidence that the conditional use would pose a substantial threat to the community". Susquehanna Township Board of Commissioners v. Hardee's Food Systems, Inc., 57 Pa. Commw. 479, 430 A.2d 367 (1981).

Based on the above findings of fact, this court is satisfied the appellant has met his burden of proof in the present matter. However, we do not find that appellee has met its burden. Appellee has not demonstrated that the presence of a real estate office on the subject property would alter the character of the neighborhood, especially when one considers that the subject property abuts a supermarket, will soon have a laundromat and dry cleaners located across the street from it and already served as a real estate sales office for four years. Additionally, appellee offered no evidence to meet its burden and demonstrate that the "anticipated traffic increase [would] be of such character that it bears a substantial relation to the health and safety of the community." Susquehanna Township, supra.; Archbishop O'Hara's Appeal, 389 Pa. 35, 131 A.2d 587 (1957).

For the foregoing reasons, the following is entered.

### ORDER

And now, this December 14, 1984, following hearing in open court, the appeal of Ernest A. Martin from the decision of the Center Township Board of Supervisors denying his application for a conditional use, is hereby sustained.

This matter is hereby remanded to the Center Township Board of Supervisors for approval of appellant's application for a conditional use and for the imposition of such reasonable conditions as it deems necessary.