Township of Falls, Appellant *v.* Zoning Hearing Board of Falls Township, et al., Appellees.

552

Submitted on briefs July 11, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Samuel M. Snipes,* with him, *Thomas A. DiMaggio,* for appellant.

No appearance for appellees.

OPINION BY JUDGE CRAIG, September 10, 1985:

The Township of Falls appeals an order of the Court of Common Pleas of Bucks County which affirmed the township zoning hearing board's grant of a variance to use property located in a single-family residential zone[1] for a maternity home.

The property consists of 4.64 acres of land, an eighteen-room residence, a carriage house, a cottage and a swimming pool. The property is surrounded primarily by other single-family residences erected on one-quarter-acre lots and valued at no more than $70,000.[2]

We must determine whether the board properly concluded that the uniqueness of that property, attributable to its large size and its location in a neighborhood of much smaller houses and lots, was sufficient under the Pennsylvania Municipalities Planning Code (MPC),[3] to establish unnecessary hardship warranting the issuance of a variance.

---

[1] The ordinance permits the following principal uses in a Neighborhood Conservation Residential District (NCR) zone:

(1) Growing and harvesting crops.

(2) Single-family detached dwellings.

(3) Public playgrounds, conservation areas and parks.

(4) Passenger shelter for railroad or bus.

(5) Telephone central exchange building; utilities lines; electric substations; and other utilities, structures or uses exclusive of office, sales, storage, maintenance or other facilities not directly related to the right-of-way collection or distribution activities of the utilities.

(6) Religious worship.

[2] The record establishes that the residential district also includes various nonresidential uses, such as a public golf course, elementary school and swimming pool, a senior citizens' center, a fire hall, a Masonic temple, a United Way building and a Chamber of Commerce building. A witness testified that most of those are nonconforming uses.

[3] Act of July 31, 1968, P.S. 805, *as amended*, 53 P.S. §§10101-11108-A.

Jerry and Marie Naples purchased the property in 1967 for $50,000. They have expended approximately $150,000 on renovation of the property, and continue to occupy it as a single-family residence. In 1979, when most of their seven children had grown and moved from the family home, the owners listed the property for sale with a real estate broker, William Veitch. They placed an asking price of $350,000 on the property, and later reduced it to $335,000. Despite the broker's diligent promotion, the owners received only one offer[4] during the forty-three months that the property was on the market before they entered an agreement with Golden Cradle Home, Inc. to sell the property for $300,000. That agreement was conditioned on Golden Cradle obtaining a variance to use the property as a maternity home for young pregnant women who planned to place their babies for adoption.[5]

The common pleas court upheld the zoning hearing board's grant of a variance, and this appeal followed.

Because the common pleas court took no additional evidence, our scope of review is limited to determining whether the board abused its discretion or committed an error of law, and we cannot disturb the board's findings if they are supported by substantial evidence. *Appeal of M. A. Kravitz Co., Inc.*, 501 Pa. 200, 460 A.2d 1075 (1983).

The applicant for a variance has the heavy burden of proving (1) that the ordinance imposes unneces-

---

[4] That offer did not culminate in a final sale because the equitable owner was not successful in obtaining zoning approval to use the property as a funeral home, which was a condition of the sales agreement.

[5] Golden Cradle has since terminated its sales agreement with the Naples.

sary hardship on the property and (2) that the proposed variance will not be contrary to the public interest. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

An applicant can prove unnecessary hardship either

(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . ; or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. (Citations omitted.)

*Philadelphia v. Earl Scheib Realty Corp.,* 8 Pa. Commonwealth Ct. 11, 17, 301 A.2d 423, 426 (1973).

Under section 912 of the MPC, 53 P.S. §10912, those physical circumstances of the property must be such that there is "no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable reasonable use of the property."

In granting the variance, the board concluded that the property was unique in terms of its large size and high maintenance costs, and that it thus suffered an unnecessary hardship which precluded its use as a single-family dwelling in conformity with the ordinance.

The Naples' property is unique only in its size relative to the surrounding smaller residential properties. If the property were located in a neighborhood of comparable residences, there would be nothing

unique about the ordinance's impact on that property in particular, and therefore no unnecessary hardship. *See Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A.2d 61 (1964), *and Best v. Zoning Board of Adjustment,* 393 Pa. 106, 141 A.2d 606 (1958) (large home surrounded by comparable properties is not entitled to a variance despite high maintenance costs). However, we need not determine whether the situation of a large home in a neighborhood of less substantial homes is itself sufficient to create unnecessary hardship because we conclude that the record does not support the board's findings that the property could not be used as a single-family residence.

The Township of Falls challenges several findings of fact, contending that they are not based on evidence that the property cannot be used as zoned, but only on evidence that the owners were unable to sell the property as a single-family home in the $335,000-$350,000 range. That evidence, the township argues, establishes solely an economic hardship, which is not a sufficient basis for the grant of a variance. *Somerton Civic Association v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984). We agree.

Difficulty in selling a property for a use permitted under the local zoning ordinance is, alone, not sufficient for issuance of a variance. *Updegrave v. Philadelphia Zoning Board of Adjustment,* 25 Pa. Commonwealth Ct. 451, 360 A.2d 827 (1976). Nor is an owner entitled to a variance simply because he could receive a higher price for his property if the variance is granted than he could otherwise. *Pincus v. Power,* 376 Pa. 175, 101 A.2d 914 (1954). Only where the applicant establishes an unnecessary hardship that renders the property almost valueless is he

entitled to a variance. *Schaefer v. Zoning Board of Adjustment, City of Pittsburgh,* 62 Pa. Commonwealth Ct. 104, 435 A.2d 289 (1981).

Far from establishing that the Naples' property was "almost valueless" as zoned, the testimony adduced at the hearing established only that despite "active, prolonged and specific testing of the marketability" of the property, *Mobil Oil Corp. v. Zoning Board of Adjustment,* 5 Pa. Commonwealth Ct. 535, 540, 291 A.2d 541, 544 (1972), it could not be sold as zoned for $335,000-$350,000. The real estate broker testified that he had received "a few hundred calls" from interested buyers "who liked very much what they saw, or what they had read, but found themselves not to be in a financial position to afford the property."

Upon cross-examination, the broker admitted that the reason the property had not sold was because of the asking price rather than the nature of the property.

There was no evidence that the owners could not sell the property if they reduced the price, nor that they could sell it only at a distress sale price that would be equivalent to a confiscation of the property. Apparently, the owners did not attempt to market the property in a price range that would yield them a profit of less than $135,000. Consequently, the following findings of fact are not supported in the record:

68. Requiring property to be used as a single-family dwelling in conformance with the terms of the zoning ordinance in light of the sales history of property would be equivalent to confiscation of the property.

69. Requiring a property to be used as a single-family dwelling in light of the sales his-

tory would be prohibitive and would in fact require a distress sale of property.

Testimony as to appraisals at $365,000 and $400,000 was essentially irrelevant because inability to realize an appraised value does not provide a basis for a variance.

Of course, the fact that the owners have used the property for their single-family residence since 1967 indicates that the property can be used as zoned. *See Vacca v. Zoning Hearing Board of Borough of Dormont*, 82 Pa. Commonwealth Ct. 192, 475 A.2d 1329 (1984) (the fact that residential property was rented out as such at a competitive rate when a variance was applied for indicated that the property could be used as zoned). Hence, the record does not support the following finding of fact:

64. Hypothetically, property could still be used as a residential property, but as a practical matter, it cannot be so used.

Further, there was no evidence of the costs of maintenance, insurance and real estate taxes to support the following finding of fact:

52. Use of property as a single-family dwelling as required by the zoning ordinance would be prohibitive and economically unfeasible due to, among other things, groundkeeping costs, mortgage payments, real estate taxes, insurance costs and building maintenance costs.

Without substantial evidence to support those crucial findings of fact, there is no evidentiary basis for the following finding:

65. A strict application of the terms of the zoning ordinance will result in an unnecessary hardship.

Therefore, we must conclude that the board abused its discretion in making those unsubstantiated findings of fact, and in granting the variance.

Accordingly, we reverse.

ORDER

Now, September 10, 1985, the order of the Court of Common Pleas of Bucks County at No. 83-01492, dated October 4, 1983, is reversed.