Rouse/Chamberlin, Inc., Appellant *v.* Board of Supervisors of Charlestown Township, Appellee.

Argued December 9, 1985, before Judges Doyle and Colins, and Senior Judge Blatt, sitting as a panel of three.

*John C. Snyder, Lentz, Cantor, Kilgore & Massey, Ltd.,* for appellant.

*John D. Snyder,* with him, *James E. McErlane, Lamb, Windle & McErlane, P. C.,* for appellee.

*Harold R. Berk,* for Amicus Curiae, John and Mary Jo Darnall.

Opinion by Judge Colins, January 29, 1986:

Rouse/Chamberlin, Inc. (appellant), a real estate developer, is appealing an order of the Court of Common Pleas of Chester County (trial court) which affirmed[1] a decision of the Board of Supervisors of

---

[1] In affirming the Board's decision, the trial court did find for appellant with regard to three areas relied upon by the Board in rejecting the plan, but upheld the Board as to all the other areas.

Charlestown Township (Board) rejecting a proposed subdivision plan (plan) submitted in accordance with Section 508 of the Municipalities Planning Code (MPC).[2]

Appellant applied on October 12, 1981, to the Charlestown Township Planning Commission (Planning Commission) for approval of a preliminary subdivision plan for 29 lots on a 116-acre tract located in Charlestown Township. Following meetings, exchanges of correspondence and review of subsequent revisions of the plan, the Planning Commission on January 18, 1982, voted to recommend rejection of the plan to the Board. The Planning Commission thereafter submitted a comprehensive report to the Board which listed many defects in the plan and recommended that the Board reject the plan. The Planning Commission report emphasized that the site was a "critical environmental area" which required additional plan mapping details and closer adherence to local ordinance guidelines. Appellant made additional changes to the plan in an attempt to comply with the Planning Commission's objections before presenting it to the Board for preliminary approval.

Following a February 1, 1982 hearing, the Board voted to reject the plan for the reasons outlined in the Planning Commission report and for reasons to be set forth in a written letter. The letter, dated February 12, 1982, informed appellant of the formal reasoning behind the rejection. The grounds for rejection were separated into nine delineated areas and each problem was supported by a citation to specific provisions of the Charlestown Township, Pennsylvania, Zoning Ordinance of 1979 (1979) ("zoning ordinance"); the Charlestown Township, Pennsylvania, Subdivision and Land Development Ordinance of 1970 (1970) ("subdivision ordinance"); and the Charles-

---

[2] Act of July 31, 1968, P.L. 805, 53 P.S. §10508.

town Township Erosion, Sedimentation and Grading Control Ordinance of 1974, Ordinance No. 25-74 (1974) ("erosion ordinance"). The Board's letter invited appellant to continue to work with the Planning Commission, make further revisions, and submit another plan, stating that rejection of the plan was not a rejection of the appellant's concept. However, appellant declined this invitation and instead initiated this action in the trial court.

Appellant argues initially that there is uncertainty as to whether the trial court took new evidence and that our standard of review must be decided. Where a trial court takes no additional evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Municipality of Monroeville v. Zoning Hearing Board*, 92 Pa. Commonwealth Ct. 55, 498 A.2d 481 (1985). Where the Board's conclusion is in error, but its findings will support an alternate conclusion, this Court may reach that alternate conclusion. *Id.* Where the trial court has taken evidence, it hears the matter de novo, and our review is limited to a determination of whether the trial judge committed an abuse of discretion or an error of law. *Mont-Bux, Inc. v. Township of Cheltenham,* 36 Pa. Commonwealth Ct. 397, 388 A.2d 1106 (1978).

We conclude that the trial court did not take additional evidence in this matter. The trial court so states in its opinion, and there is no indication that the trial court took additional evidence. Consequently, we review the Board's decision directly for abuses of discretion or errors of law. An abuse of discretion exists if the Board's factfindings are not supported by substantial competent evidence. *Allegheny West Civic Council v. Zoning Hearing Board of Adjustment of the City of Pittsburgh,* 80 Pa. Commonwealth Ct. 79, 84-86, 471 A.2d 128, 131 (1984).

Appellant contends secondly that the Board failed to comply with the requirements of Section 508 of the MPC. It submits that the Board failed a "statutory obligation of review" in making its final decision on February 1, 1982, by failing to engage in proper analysis of the plan and by failing to stipulate to a thirty (30) day extension of time in order to further analyze the plan.

We note initially that the Board acted in a timely fashion. The proposal was submitted on October 2, 1981. A letter dated December 23, 1981, from appellant extended the deadline for township action thirty (30) days, so that the Board had a total of one hundred twenty (120) days in which to act. *See* Section 508(3) of the MPC.[3] Absent another written extension of time, the Board had no choice but to decide on the plan at their February 1, 1982, meeting and send written explanation of that decision within the fifteen (15) days prescribed by Section 508(1) of the MPC.[4] Any other course of action would have been deemed an approval pursuant to the statute. *See* Section 508(3) of the MPC.[5]

Appellant asserts that it agreed at the hearing to extend the time limit, but the record is silent as to whether such an extension was granted in writing as required by Section 508(3) of the MPC.[6] The record is decidedly ambiguous as to what oral extensions were offered. At one point during the hearing, the following exchange occurred:

*Chairman [of the Board]:* And the question is are you willing to grant this Board an extension of time beyond the 90 day clock which

[3] 53 P.S. §10508(3).
[4] 53 P.S. §10508(1).
[5] 53 P.S. §10508(3).
[6] 53 P.S. §10508(3).

I understand was extended for an additional 30 days?

*Chamberlin*: I would make you a counter proposal on that and that is that we are willing to continue to work with the township and with the Planning Commission in revision and documentation in the preparation of the final plans. We have granted one extension already and we met with the Planning Commission for two months prior to the submission of the preliminary plans. We think that we have virtually met all of the detailed design requirements that would be required for the final plan. We think that at the very least we are entitled to a preliminary plan approval at this point.

*Chairman*: You have given for a developer the lawyer-like answer and it is either yes or no. I assume what you are saying that you are not willing to grant an extension beyond the present date of February 15th; is that correct?

*Chamberlin*: I don't think it is appropriate.

*Chairman*: Since we don't meet again until the first of March, are you saying that we should reach a decision tonight?

*Chamberlin*: We have not asked you to approve the plans for recording, but simply to give us preliminary plan approval. I think after six months, I don't think that is an unreasonable request?[7]

Later in the hearing, when rejection of the plan seemed imminent, the appellant apparently altered its posture and met off the record with the Board concerning a possible extension. Unfortunately, no record of this discourse exists and it is possible that appellant may have offered the Board more time.

---

[7] Reproduced Record (R.R.) at 139a-140a.

However, the requirements of Section 508(3) of the MPC[8] are clear; the extension must be *in writing,* and it must not have conditions attached. What appears from the transcript is that appellant was at best equivocal in its desire to extend the process. We will not speculate as to the possible intent of the parties and hold, based on the record, that the Board's decision to proceed to a vote as of February 1st cannot be considered an abuse of discretion or an error of law. The parties were simply unable to come to a fair agreement that would extend the statutory period a further period of thirty (30) days in conformity with MPC requirements.

Appellant's third argument is that the Board expressed its real reasons for rejecting the plan at the hearing of February 1, 1982, and that these reasons do not pass muster under Section 508 of the MPC.[9] We cannot agree with this analysis. First, the MPC clearly contemplates a bifurcation of the oral and written decision making processes, as the former must be rendered within the ninety (90) day period or extended periods, while the latter may be submitted up to fifteen (15) additional days later. The statute is amply satisfied by an oral decision followed by a letter setting forth the reasons for rejection with citation to specific ordinances and statutes. *Noll v. Stewart,* 57 Pa. Commonwealth Ct. 559, 427 A.2d 710 (1981). The intent of the statutory requirement of a letter setting forth reasons and citations was to provide a rejected developer with bases for a possible appeal. *Id.* at 562, 427 A.2d at 711. We feel that the drafters of the MPC clearly contemplated that the written, not the oral, reasons for disapproval would serve as the focus of appellate review.

---

[8] 53 P.S. §10508(3).

[9] 53 P.S. §10508.

A second problem with appellant's argument is that the resolution as drafted and passed by the Board expressly embodied the report, recommendations, and reasoning of the Planning Commission, and additionally embodied the report which was to be issued as the letter of February 12, 1982. Consequently, the Board's comments at the actual meeting, while perhaps offered in a spirit of conciliation, were never intended as a comprehensive recital of reasons for rejecting the plan as required by Section 508 of the MPC.

The third flaw in appellant's reasoning is that there were no substantial inconsistencies between the reasoning offered at the hearing and the reasons expressly detailed in the letter. The Chairman, Mr. Martin, clearly expressed concerns over the ecological impact of the plan, while Mr. Garvin felt that the decision of the Planning Commission had to be respected in the matter and that revisions not approved by them could not be independently endorsed by the Board.

As for appellant's arguments regarding the merit of the reasons for rejection of the plan detailed in the Board's letter, we feel the decision of the Board to reject the plan was supported by substantial evidence and did not constitute an abuse of discretion. The Planning Commission report and recommendations, as well as the letter, leave little doubt in the mind of the impartial observer that the plan was flawed in several respects. The area to be developed was termed a "critical environmental area" in which special attention to compliance with local regulation was considered essential. The plan did not comply with numerous local ordinances, as the Board's letter of February 12, 1982, clearly indicates.[10] Moreover, several

_____
[10] The township ordinances required 30-foot wide streets with curbs, whereas the plan proposed 20-foot and 24-foot wide streets without curbs. The plan called for shared driveways with grades

witnesses testified at the hearing that there would be adverse consequences to the development area if the plan were approved without further modification.

Appellant makes two final arguments. It suggests first that such problems as did exist, such as the thirty (30) foot road requirement of §702(g) of the subdivision ordinance,[11] could have been better solved by the granting of a variance which appellants sought at the beginning of the approval process. The granting of a variance is governed by the five elements of Section 912 of the MPC[12] and requires proof of unnecessary hardship. Such proof requires more than a mere showing of economic hardship. *See Falls Township v. Zoning Hearing Board of Falls Township,* 91 Pa. Commonwealth Ct. 551, 498 A.2d 13 (1985); *Zoning Hearing Board of Indiana Township v. Weit-*

---

of more than 10 degrees, which the township ordinances clearly prohibited. The plan failed to map proposed contours and gradients at 2-foot intervals, failed to map water courses, failed to map plans of bridges and other improvements, failed to file an environmental impact assessment statement, and failed to provide for proper storm water drainage. All of these were required by ordinance, and most of these were problems of which the developer had been aware since November of 1981. The development was slated to be built in a wooded area on steep hills descending into a flood plain and stream, and obviously the removal of the woods created danger to the water table, and to the capacity of the stream to carry runoff well. This underscored the need for wide streets, side curbs, bridge locations, environmental impact statements, storm water drainage plans, etc., and explained the very real concerns of the Planning Commission and the Board over the environmental impact of the development plan.

We also stress that appellant was aware of many of these problems as early as November 16, 1981, when a letter from Mr. Committa, a planning consultant, outlining flaws in the plan was transmitted to its agents. Consequently appellant had time to modify and address the plan's problems, but failed to satisfy the Planning Commission that it had addressed them in that interval.

[11] Charlestown Township, Pennsylvania, Zoning Ordinance of 1979, §702(a) (1979).

[12] 53 P.S. §10912.

*zel*, 77 Pa. Commonwealth Ct. 108, 465 A.2d 105 (1983). Appellant failed this burden, as no showing of prohibitive expense engendered by compliance with this or any other ordinance was ever made before the Board. Consequently, the Board did not abuse its discretion in refusing to grant the variance.

Appellant's final contention is that the Board acted arbitrarily in that another substantially similar plan was treated disparately and given approval with far less scrutiny. We have examined the other plan at issue and conclude that there are substantial differences between the areas to be developed which justified the different result. The primary distinction is that the area which appellant sought to develop is composed of steep slopes, valleys, streams, and water tables capable of ecological damage, whereas the other plan is located on a substantially flatter and less hilly area of differing dynamics. The Planning Commission and Board relied on substantial evidence in concluding that the plan under review here failed to comply with generic ordinance requirements applicable to every plan submitted before them. While they did treat this plan with scrutiny because of the environmental issues involved, they did not treat the project disparately and relied on rules and ordinances applicable to all such projects. We feel this to be the proper scope of discretion of a Board under the MPC and cannot find an abuse under the facts before us.[13]

For the above reasons, the decision of the trial court will be affirmed.

ORDER

AND Now, this 29th day of January, 1986, the decision of the Court of Common Pleas of Chester

---

[13] We also note that this issue of disparate treatment may not have been raised before the trial court and can be considered waived on that ground alone. *See In re Jim Thorpe Borough Liquor Store*, 83 Pa. Commonwealth Ct. 598, 478 A.2d 155 (1984).

County, No. 112 March Term, 1982, filed December 14, 1983, is hereby affirmed.