576 A.2d 1161

**CLOVER INTERNATIONAL DEVELOPMENT, LTD., Appellant,**

v.

**BOARD OF SUPERVISORS OF EAST ROCKHILL TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided June 13, 1990.

Reargument Denied August 8, 1990.

Carl N. Weiner, Hamburg, Rubin, Ullin & Maxwell, for appellant.

John B. Rice, Jaczun, Grabowski & Leonard, for appellee.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

## OPINION

COLINS, Judge.

Clover International Development, Ltd. (Clover) appeals a Bucks County Court of Common Pleas order which dismissed its mandamus action and granted East Rockhill Township Board of Supervisors' (Board) motion for summary judgment. We affirm.

Clover, a real estate developer, filed a preliminary sketch plan with the Board on February 16, 1987. On April 23, Clover filed its preliminary subdivision plan, which the Board reviewed at that evening's regularly scheduled meeting. The Board voted to deny approval, orally advising Clover's representative of the denial at its July 21 meeting.

On August 3, the Board notified Clover in writing of its denial.

Clover subsequently commenced a mandamus action in common pleas court. The Board timely answered and moved for summary judgment. After hearing, the trial court granted the Board's motion for summary judgment and dismissed Clover's action.

Clover argues that it is entitled to deemed approval of its subdivision plan under Section 508 of the Pennsylvania Municipalities Planning Code (MPC)[1] because, although the Township rendered its decision on the eighty-ninth day after filing of the preliminary plan, it failed to communicate its decision in writing until 102 days after the review period commenced. An approval is deemed granted if no decision is rendered in the time and manner prescribed by Section 508(3) of the MPC.[2]

Section 508 requires that the Board render its decision and communicate it to the applicant no later than ninety days following the application date, with follow-up written notice within fifteen days of the running of the initial ninety-day period. The trial court found that the ninety-day period began to run April 23, 1987, and that Clover's representative was present at the July 21 meeting, thereby being orally notified of the denial. In addition, the trial court found that Clover was notified in writing of the denial on August 3, 1987, within fifteen days of the oral denial. Our review of the record reveals substantial evidence in support of those findings of fact. Clover's representative testified that he was present at the July 21 meeting when the Board decided to deny the application. The record also contains the Board's letter to Clover, confirming that denial in writing. (Board letter dated August 3, 1987, R.R. 13a.)

Our analysis of this same MPC provision in *Rouse/Chamberlin, Inc. v. Board of Supervisors of Charlestown Town-*

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508.
2. 53 P.S. § 10508(3).

*ship,* 94 Commonwealth Ct. 413, 504 A.2d 375 (1986), controls. There we stated:

[T]he MPC clearly contemplates a bifurcation of the oral and written decision making processes, as the former must be rendered within the ninety (90) day period or extended periods, while the latter may be submitted up to fifteen (15) additional days later. The statute is amply satisfied by an oral decision followed by a letter setting forth the reasons for rejection with citation to specific ordinances and statutes.

*Id.,* 94 Pa.Commonwealth Ct. at 419, 504 A.2d at 378. Thus, substantial evidence supports the findings that Clover was orally notified within ninety days and notified in writing fifteen days subsequently.

Accordingly, the order of the trial court is affirmed.

CRUMLISH, former President Judge, did not participate in the decision in this case.

## ORDER

The Bucks County Court of Common Pleas order, No. 87–8362 dated July 21, 1989, is affirmed.